UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br>　　　　Plaintiff,<br>　　v.<br>L. MATSUNO, et al.,<br>　　　　Defendants. | Case No. 21-cv-03611-WHO (PR)<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

Plaintiff Shawn Damon Barth, a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.[1]  **Barth is ordered to show cause on or before October 1, 2021 why 28 U.S.C. § 1915(g) does not bar pauper status.  No extensions of time will be granted.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action.  *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

---

[1] Because Barth's initial IFP application was incomplete, the Clerk sent him a notice directing him to perfect his application. (Dkt. No. 3.)  When he failed to do so by the deadline, the Court issued an order to show cause why the suit should not be dismissed. (Dkt. No. 4.)  Since that order, Barth has perfected his IFP application. (Dkt. Nos. 5 and 6.)  This prior Order to Show Cause (Dkt. No. 4) is discharged.

Under the law of this circuit, a plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to raise *sua sponte* the section 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Barth has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted:

(1) *Barth v. Beard* (*Beard*), No. 2:16-cv-01469-DMG-RAO (C.D. Cal. Feb. 26, 2019) (complaint dismissed by a district judge upon the recommendation of a magistrate judge[2] because plaintiff failed to state a claim, and additionally, one of his four claims was barred on the face of the complaint by *Heck v. Humphrey* (*Heck*), 512 U.S. 477 (1994) (an individual bringing a claim under 42 U.S.C. § 1983 must base the pursuit of damages for an unconstitutional conviction on the reversal or invalidation of the conviction and two defendants were entitled to sovereign immunity on the face of the complaint), and two defendants were entitled to sovereign immunity on the face of the complaint);

---

[2] That a magistrate judge, rather than a district judge, issued the order is of no moment. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal without prejudice by a magistrate judge, issued before the defendant filed a consent to magistrate jurisdiction, is still a strike under the PLRA.)

(2) *Barth v. Kernan* (*Kernan*), No. 2:18-cv-04763-DMG-RAO (C.D. Cal. Sept. 10, 2018) (complaint dismissed with leave to amend because plaintiff failed to state a claim, one of his four claims was additionally *Heck*-barred on the face of the complaint, and defendants were entitled to sovereign immunity on the face of the complaint; ultimately dismissed because plaintiff failed to cure any defect upon amendment); and

(3) *Barth v. Muniz* (*Muniz*), No. 3:18-cv-01242-WHO (N.D. Cal. May 31, 2019) (amended complaint dismissed for failure to state a claim and because allegations were prolix; suit ultimately dismissed after plaintiff failed to cure any defect upon amendment).[3]

Each of these dismissals counts as a strike under the Prison Litigation Reform Act (PLRA). Both the *Beard* and *Kernan* dismissals are strikes. The failure to state a claim clearly constitutes a strike. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (recognizing that the failure to state a claim constitutes a strike). In addition, the Ninth Circuit has expressly held that where "*Heck*'s bar to relief is obvious from the face of the complaint," "a dismissal may constitute a PLRA strike for failure to state a claim." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016). Similarly, "where an affirmative defense, such as immunity, [is] clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim." *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) (citation omitted). In *Beard* and *Kernan*, the magistrate and district judges screened the complaints, concluded that the complaints were facially defective because they failed to state a claim, were barred by *Heck*, and were barred by sovereign immunity, and dismissed for these obvious defects.

---

[3] The Court's dismissal was upheld on appeal: "The district court did not abuse its discretion in dismissing Barth's action without prejudice because Barth failed to comply with the district court's orders to file an amended complaint that alleged a closely related set of claims, despite multiple warnings to comply with federal pleading and joinder requirements." *Barth v. Muniz*, No. 3:18-cv-01242-WHO, USCA Memorandum, Dkt. No. 29 at 2.)

United States District Court
Northern District of California

Both dismissals are strikes under the PLRA.

The dismissal in *Muniz* also constitutes a strike. As noted above, the district court's conclusion that plaintiff failed to state a claim is a strike. *See Moore*, 657 F.3d at 893-94. The failure to correct a prolix complaint after having been given leave to do so also constitutes a strike. *See Knapp v. Hogan*, 738 F.3d 1106, 1108–09 (9th Cir. 2013) ("We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.") (citation omitted). The dismissal in *Muniz* therefore is a strike under the PLRA.

In light of these dismissals, and because Barth does not appear to be under imminent danger of serious physical injury, I order that he show cause why IFP status should not be denied and the present suit should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Barth's response to this order to show cause is due no later than **October 1, 2021.** The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why this action should not be dismissed, Barth may avoid dismissal by paying the full filing fee of $402.00 by October 1, 2021.

Failure to file a response by **October 1, 2021**, or failure to pay the full filing fee by that date, will result in the dismissal of this action without prejudice to Barth bringing his claims in a new paid complaint.

**IT IS SO ORDERED.**

**Dated:** August 18, 2021

_____
WILLIAM H. ORRICK
United States District Judge

4